# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LAWRENCE VALENTINE,

    *Petitioner,*

vs.

NEVADA ATTORNEY GENERAL, *et al.,*

    *Respondents.*

3:19-cv-00164-RCJ-WGC

ORDER

This habeas matter by a Nevada state inmate challenging his conviction comes before the Court on petitioner's motion for enlargement of time. (ECF No. 11.)

The prior order (ECF No. 8) gave petitioner thirty days, until June 21, 2019, to file a habeas petition under 28 U.S.C. § 2254. Petitioner has filed a boilerplate form motion seeking an additional sixty days to do so, without stating any reason why such an extended period is necessary to file a petition. The Court will grant the motion in part to the extent of granting an additional thirty days, to Monday, July 22, 2019, to file a habeas petition under § 2254. The total sixty days allowed by the two orders is more than ample time to file a habeas petition under § 2254. The time allowed is more than ample particularly given, as discussed further below, this is the second action where the Court has told petitioner now multiple times that his sole possible available remedy to challenge his judgment of conviction is a habeas petition under § 2254.

In his cover letter, petitioner, *inter alia*, refers to his purported "personal restraint petition pursuant to F.R.A.P. 23 (c) – release on R.O.R" (*i.e.*, ECF No. 9) and requests the Clerk to send him a "receipt for documents on this petition." (ECF No. 11-1.)

1

At the outset, petitioner has not been granted pauper status. If he desires copies of his filings, he must either: (a) provide to the Clerk at the time of his filing both a self-addressed, postage-paid envelope and a "conform" copy to be file-stamped and returned; and/or (b) pay the Clerk the required fees to obtain copies. A notice of electronic filing otherwise is the only paper sent to a party by the Clerk following a filing.

Moreover, there is no viable personal restraint petition under Rule 23(c) of the Federal Rules of Appellate Procedure (FRAP) before this Court as to which petitioner will receive a "receipt" from the Clerk that he then could use to secure his release from custody. FRAP 23(c) states: "While a decision ordering the release of a prisoner is under review, the prisoner must – unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise – be released on personal recognizance, with or without surety." FRAP 23 applies when a decision of a federal district court on a habeas petition is under review in a federal court of appeals. *See* FRAP 23(a). Petitioner has not yet even filed a habeas petition. This Court has not issued "a decision ordering the release" of petitioner, and apparently no court has. No such decision ordering petitioner's release is being reviewed in the Court of Appeals. FRAP 23(c) thus has absolutely no current application to this case, and petitioner's purported personal restraint petition under FRAP 23(c) is wholly frivolous.

As noted above, this is the second action where the Court has told petitioner now multiple times that his sole possible available remedy to challenge his judgment of conviction is a habeas petition under § 2254. In No. 2:17-cv-02032-JAD-PAL, petitioner sought to challenge his state court conviction other than via a habeas petition under § 2254. The Court told petitioner multiple times that he instead could proceed only via a habeas petition under § 2254. The Court ultimately dismissed the matter, after proceedings spanning a full year collectively in this Court and the Court of Appeals, after petitioner failed to file a § 2254 petition after an extended opportunity to do so.

The issue will not extend for another year herein. Petitioner must file a habeas petition by July 22, 2019, or this action will be dismissed without further advance notice.

2

IT THEREFORE IS ORDERED that petitioner's motion for enlargement of time (ECF 11) is GRANTED IN PART and DENIED IN PART, such that the time for petitioner to file a habeas petition in response to the Court's prior order (ECF No. 8) is extended up to and including July 22, 2019. No further extensions will be granted. If petitioner fails to file a properly completed § 2254 habeas petition on the Court's required form by July 22, 2019, the action will be dismissed without further advance notice. If petitioner files anything else without also filing a properly completed § 2254 habeas petition on the Court's required form on or before July 22, 2019 – including but not limited to a motion for extension of time, a motion for reconsideration, a notice of appeal, and/or a mandamus petition -- the action will be dismissed without further advance notice, absent a then extant order from the Court of Appeals to the contrary. That is, *inter alia*, the filing of, *e.g.,* a notice of appeal and/or a mandamus petition will not itself suspend the operation of the Court's orders herein, absent issuance of a stay or other contrary order by the Court of Appeals. Absent the filing of a properly completed § 2254 habeas petition on the Court's required form by July 22, 2019, the action will be dismissed without further advance notice.

The Clerk will send petitioner another copy of the Court's required § 2254 habeas petition form and the instructions for the form, along with a copy of the docket sheet.

DATED: This 9th day of July, 2019.

_____
ROBERT C. JONES
United States District Judge